| | |
|---|---|
| 1 | NELSON MULLINS RILEY & SCARBOROUGH LLP |
| | PHILIP R. COSGROVE, State Bar No. 92564 |
| 2 | phil.cosgrove@nelsonmullins.com |
| | RYAN E. COSGROVE, State Bar No. 277907 |
| 3 | ryan.cosgrove@nelsonmullins.com |
| | 19191 South Vermont Avenue, Suite 900 |
| 4 | Torrance, CA 90502 |
| | Telephone: 424.221.7400 |
| 5 | Facsimile: 424.221.7499 |

NELSON MULLINS RILEY & SCARBOROUGH LLP
DARIN J. LANG, Admitted Pro Hac Vice
darin.lang@nelsonmullins.com
CHEYENNE MOORE, Admitted Pro Hac Vice
cheyenne.moore@nelsonmullins.com
1400 Wewatta Street, Suite 500
Denver, CO 80202
Telephone: 303.583.9923
Facsimile: 202.583.9999

Attorneys for Defendant
GENERAL MOTORS LLC

CURD, GALINDO & SMITH, LLP
ALEXIS GALINDO, State Bar No. 136643
agalindo@cgsattys.com
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Telephone: 562-624-1177
Facsimile: 562-624-1178

Attorney for Plaintiff
RODNEY ENGBERSON

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| RODNEY ENGBERSON<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS LLC and DELPHI AUTOMOTIVE<br><br>Defendants. | Case No. 2:19-cv-01761-MCE-KJN<br><br>**STIPULATED PROTECTIVE ORDER** |

WHEREAS, to facilitate the production and receipt of information during discovery in the above-captioned litigation (the "Litigation"), the parties agree and stipulate, through their respective counsel, to the entry of the following Protective Order (the "Order") for the protection of Confidential and Highly Confidential Materials (as defined herein) that may be produced or otherwise disclosed during the course of this Litigation by or on behalf of any party or non-party. The Court has been fully advised in the premises and has found good cause for its entry.

Accordingly, IT IS HEREBY ORDERED that the terms and conditions of this Order shall govern the handling of discovery materials in the Litigation:

1. **Applicability of Order**: This Order will be applicable to and govern the handling of documents, depositions, deposition exhibits, deposition videos, interrogatory responses, responses to subpoenas, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure by or from, or produced on behalf of a party in connection with the Litigation (this information hereinafter referred to as "Discovery Material"). As used herein, "Producing Party" or "Disclosing Party" shall refer to the parties in this Litigation that give testimony or produce documents or other information, non-parties for purposes of Section 10, and "Designating Party" shall refer to parties whose Confidential and Highly Confidential information is disclosed in documents produced by other parties or third parties, in which case the affected party may designate such information as Confidential or Highly Confidential under this Order. "Receiving Party" shall refer to the parties in this Litigation that receive such information. "Authorized Recipient" shall refer to any person or entity authorized by Sections 11 and 12 of this Order to obtain access to Confidential Material, Highly Confidential Material, or the contents of such Material.

2. **Designation of Material**: Any party may designate Discovery Material that is in its possession, custody, or control to be produced to a Receiving Party, or Discovery Material that is produced by another party (including a third party) but qualifies for protection under this Order, as "Confidential" or "Highly Confidential" under the terms of this Order if the party in good faith reasonably believes that such Discovery Material contains non-public, confidential material as defined in Sections 3 and 4 below (hereinafter "Confidential Material" or "Highly Confidential Material").

3. **Confidential Material**: For purposes of this Order, Confidential Material is any information that a party believes in good faith to be confidential or sensitive information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, private or confidential personal information, customer information, or commercial information.

4. **Highly Confidential Material**: For purposes of this Order, Highly Confidential Material is any Protected Data (defined below) and/or Confidential Material as defined in Section 3 which also includes non-public product design and testing information or extremely sensitive, highly confidential, non-public information, consisting either of trade secrets or proprietary or other highly confidential business, financial, regulatory, or strategic information (including information regarding business plans, technical data, and non-public designs), the disclosure of which would create a substantial risk of competitive or business injury to the Producing or Designating Party. Certain Protected Data may compel alternative or additional protections beyond those afforded Highly Confidential Material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

5. **Protected Data**: Protected Data shall refer to any information that a party believes in good faith to be subject to federal, state, or foreign Data Protection Laws or other privacy obligations. Protected Data constitutes highly sensitive materials requiring special protection. Designating material as Protected Data does not preclude the parties from designating that same material, as appropriate, for Confidentiality and Privilege.

6. **Designating Confidential Material, Highly Confidential Material, or Protected Data**: The designation of Discovery Material as Confidential Material, Highly Confidential Material, or Protected Data for purposes of this Order shall be made in the following manner:

> 6.1 The parties shall label each page of a designated document as "Confidential" or "Highly Confidential" if feasible to do so. However, failure to do so shall not be considered a waiver of such designation and shall not deem such information to not qualify as "Confidential" or "Highly Confidential." A party who disagrees with another party's designation must nevertheless abide by that

designation until the matter is resolved by written agreement of the parties or by order of the Court. The parties further agree to abide by the Producing Party's designation upon notice, written or otherwise, that a party will seek appeal or other form of judicial review of an order of the Court.

    6.2    **Deposition Transcripts.** Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate the transcript or sections thereof as "Confidential" or "Highly Confidential." If a designated transcript or transcript portion is filed with the Court, the designating party shall file a motion to file under seal. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

    7.    **Inadvertent/Unintended Disclosure**: The inadvertent and/or unintentional failure to designate Discovery Material as Confidential or Highly Confidential does not constitute a waiver of such claim and may be remedied by prompt supplemental written notice upon discovery of any such disclosure (inadvertent or otherwise), with the effect that such Discovery Material will be subject to the protections of this Order. Designation of information or documents as "Confidential" or "Highly Confidential," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets or that such information or documents may not be entitled to further protection under the law. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Highly Confidential."

    8.    **Copies**: The Receiving Party may make copies of Discovery Material, but such copies shall become Confidential Material or Highly Confidential Material to the same extent, and subject to the same protections, as the Discovery Material from which those copies were made. The Receiving Party shall exercise good faith efforts to ensure that copies it makes of Discovery Material produced to it, and copies made by others who obtained such Discovery Material directly or indirectly from the Receiving Party, include the appropriate confidentiality legend, to the same extent that the Discovery

Material has been marked with the appropriate confidentiality legend by the Producing or Designating Party. In the event that the Receiving Party receives notice in accordance with Section 7 of this Order that Discovery Material was inadvertently or unintentionally disclosed without being designated as Confidential or Highly Confidential Material, the Receiving Party shall exercise good-faith efforts to notify the Producing Party, ensure that copies it makes of Discovery Material produced to it, and copies made by others who obtained such Discovery Material directly or indirectly from the Receiving Party, are marked with the appropriate confidentiality legend, are made available in whole or in part only to persons authorized to receive Confidential or Highly Confidential Material (as the case may be), and are at all times handled and used only in the manner that this Order permits or requires Confidential or Highly Confidential Material (as the case may be) to be handled and used.

9. **Derivative Works**: Any notes, lists, memoranda, indices, compilations prepared or based on an examination of Confidential Material or Highly Confidential Material, or any other form of information (including electronic forms), that quote from, paraphrase, copy, or disclose Confidential Material or Highly Confidential Material with such specificity that the Confidential Material or Highly Confidential Material can be identified, or by reasonable logical extension can be identified, shall be accorded the same status of confidentiality as the underlying Confidential Material or Highly Confidential Material from which they are made and shall be subject to all of the terms of this Order.

10. **Notice to Non-Parties**: Any party issuing a subpoena to a non-party shall enclose a copy of this Order with a request that the non-party either request the protection of this Order or notify the issuing party that the non-party does not need the protection of this Order or wishes to seek different protection.

11. **Persons Authorized to Receive Confidential Material:** Access to Confidential Material shall be restricted, and may only be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part, solely to the following persons, who agree to be bound by the terms of this Order, unless additional persons are stipulated by counsel or authorized by the Court:

11.1 Outside counsel of record for the parties, and the administrative staff of outside counsel's firms,

11.2 In-house counsel for the parties, and the administrative staff for each in-house counsel;

11.3 Any party in this Litigation who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this Litigation.

11.4 Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this Litigation, but only to the extent necessary to further the interest of the parties in this Litigation, and only after executing the agreement attached hereto as Exhibit A.

11.5 The Court and its personnel, including, but not limited to, transcription/recording services engaged by the Court or the parties during this Litigation.

11.6 The authors or recipients of a document containing the Confidential Material or a custodian or other person who otherwise know the information sought to be protected;

11.7 In connection with their depositions, non-party witnesses in this Litigation to whom disclosure is reasonably necessary and who have signed the agreement attached hereto as Exhibit A;

11.8 Any mediator(s) or settlement officer(s) mutually agreed upon by the parties;

11.9 Mock trial/focus group participants provided they have signed the agreement attached hereto as Exhibit A;

11.10 Employees of discovery or copy services, microfilming or database services, trial support firms and/or translators or other litigation support vendors who

are engaged by the parties during this Litigation, but only after such service or support firm executes the agreement attached hereto as Exhibit A.

12. **Persons Authorized to Receive Highly Confidential Material:** Access to or use of any information, documents, or portions of documents marked "Highly Confidential" shall be restricted and may only be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part solely to the persons listed in paragraphs 11.1, 11.2, 11.4, 11.5, 11.6, 11.7, and 11.8, unless additional persons are stipulated by counsel or authorized by the Court.

13. **Agreement to Be Bound**: All persons described in paragraphs 11.4, 11.7, 11.9 and 11.10 shall not have access to the Confidential Documents without having first read, acknowledged, and agreed to be bound by this Order by executing the attached Exhibit A. Each party's counsel shall retain each such executed "Exhibit A" and shall keep a list identifying (a) all persons to whom Confidential Documents have been disclosed and (b) all Confidential Documents disclosed to such persons. Each executed "Exhibit A" shall not be made available to the Designating Party during the pendency of the litigation but shall be available for an *in-camera* inspection by the Court if good cause for review is demonstrated by the Designating Party. During the pendency of the litigation or after the termination of the litigation, subject to the attorney work product doctrine/attorney-client privilege and for good cause shown, the Court may order any party to provide to the Designating Party the list referenced above and any executed "Exhibit A." However, each such executed "Exhibit A" and list shall be submitted to counsel for the Designating Party at the conclusion of the Litigation.

14. **Qualification of Outside Experts and Consultants**: Neither Confidential nor Highly Confidential Material shall be disclosed to any retained and/or testifying experts or consultants who are current employees of a direct competitor of any party named in the Litigation.

15. **Use of Discovery Material**: Discovery Material containing Confidential and/or Highly Confidential Material shall be used solely for purposes of the Litigation, including any appeal and retrial. Disclosure or dissemination outside of this Litigation and/or contrary to the terms of this Order is strictly prohibited.

16. **Exclusion of Individuals from Depositions**: Whenever Protected Material is to be disclosed in a deposition, the designating party may exclude from the room any person, other than persons described in paragraphs 11 and 12, as appropriate, for that portion of the deposition. If Protected Material is to be disclosed in a judicial proceeding, the parties will endeavor to meet and confer in good faith and in advance about steps that can be taken, if any, to limit the disclosure of Protected Material.

17. **Storage of Confidential Material or Highly Confidential Material**: The recipient of any Confidential Material or Highly Confidential Material that is provided under this Order shall maintain such information in a reasonably secure and safe manner that satisfies the data security requirements of paragraph 27 for electronically stored information, shall ensure that access is limited to the persons authorized under this Order, and shall further exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

18. **Filing of Confidential Material or Highly Confidential Material**: The following procedures apply provided they do not conflict with applicable rules and orders of the Court. If Confidential of Highly Confidential Material is contained in documents that a party seeks to file with the Court, that party shall file a motion to file under seal, pursuant to local rules where applicable, the relevant excerpts constituting Confidential or Highly Confidential Material within such documents, which shall be filed under seal and marked as follows or in substantially similar form:

> 18.1 CONFIDENTIAL
>
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN SECTION 11 OF THE PROTECTIVE ORDER.
>
> *or*

18.2 HIGHLY CONFIDENTIAL

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS HIGHLY CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN SECTION 12 OF THE PROTECTIVE ORDER.

19. If a party is filing a document that it has itself designated as "Confidential" or "Highly Confidential," that party shall reference this Order in submitting the documents it proposes to maintain under seal. If a non-designating party seeks to refer to, summarize, quote from, or attach a Confidential or Highly Confidential document to any court filing, a meet and confer is required before that information is disclosed in any court document or filing. Subsequent and pursuant to the meet and confer to discuss the Confidential or Highly Confidential Documents intended to be filed by a non-designating party, and subject to agreement on the document to be filed, the non-designating party shall file the document under seal.

20. **Challenging Designation of Materials**: A party shall not be obligated to challenge the propriety of a Confidential Material or Highly Confidential Material designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this Litigation.

20.1 **Challenge**: If a Receiving Party disagrees with the propriety of the Producing or Designating Party's designation of any document(s) or other discovery materials under this Order, counsel for the Receiving Party shall serve written notice upon the Producing or Designating Party's counsel, specifying the document(s) in question by bates number or other specific identifier.

20.2 **Meet and Confer and Motion**: Upon receipt of written notice challenging the designation of any Confidential Material, the parties shall meet and confer within 30 days to attempt to reach an agreement on the designation of the particular document(s) in question. If an agreement cannot be reached between the parties concerning the propriety of the designation, the Producing

or Designating Party shall file a motion seeking Court adjudication of the propriety of the designation under applicable court rules or statutes.

  20.3 **Status of Challenged Designation Pending Judicial Determination**: Any such document(s) shall at all times continue to be treated as designated by the designating party subject to this Order until such motion has been decided.

 21. **No Waiver of Privilege**: The production of privileged or work-product protected documents, electronically stored information ("ESI"), or any other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this Litigation or in any other federal or state proceeding.

 22. **Effect of Disclosure of Privileged Information:** The Receiving Party hereby agrees to return, sequester, or destroy any Privileged Information disclosed or produced by the Designating or Producing Party upon request. If the Receiving Party reasonably believes that Privileged Information has been inadvertently disclosed or produced to it, it shall promptly notify the Designating or Producing Party and sequester such information until instructions as to disposition are received. The failure of any party to provide notice or instructions under this Paragraph shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the party would be entitled in the Litigation or any other federal or state proceeding.

 23. **Order Remains in Force**: This Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court made upon reasonable written notice. Unless otherwise ordered, or agreed upon by the parties, this Order shall survive the termination of this Litigation. The Court retains jurisdiction even after termination of this Litigation to enforce this Order and to make such amendments, modifications, deletions, and additions to this Order as the Court may from time to time deem appropriate.

 24. **No Waiver of Grounds for Producing Material**: This Order shall not be construed to limit a party's right or require a party to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

25. **No Loss of Confidential or Highly Confidential Status by Use in Litigation or Appeal**: If any Confidential or Highly Confidential Material is used in any court proceeding in this Litigation or any appeal therefrom, such Confidential or Highly Confidential Material shall not lose its status as Confidential or Highly Confidential through such use, regardless of whether it has been lawfully placed on the public record in connection with this Litigation. Counsel shall comply with all applicable local rules and shall confer on such procedures that are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings, including petitioning the Court to close the court room.

26. **Redaction Allowed**: Any Producing or Designating Party may redact from the documents and materials it produces information that the Producing or Designating Party claims is subject to attorney-client privilege, work product immunity, a legal prohibition against disclosure, or any other privilege or immunity. The Producing or Designating Party shall mark each area where information has been redacted with a legend stating "REDACTED," and specify the basis for the redaction (e.g., privilege, confidential, highly confidential, etc.), as appropriate, or a comparable notice. Where a document consists of more than one page, at least each page on which information has been redacted shall be so marked. The Producing or Designating Party shall preserve an unredacted version of each such document. In addition to the foregoing, the following shall apply to redactions of Protected Data:

    26.1    Any party may redact Protected Data as defined in Section 5 that it claims, in good faith, requires protection under the terms of this Order.

    26.2    Protected Data shall be redacted from any public filing not filed under seal.

27. **Data Security**: Any person in possession of Confidential Material or Highly Confidential Material shall maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Confidential Material or Highly Confidential Material, protect against any reasonably anticipated threats or hazards to the security of such Confidential Material or Highly Confidential Material, and protect against unauthorized access to Confidential Material or Highly Confidential Material. To the extent a party or person does not have an information security program, they may

comply with this provision by having the Confidential Material or Highly Confidential Material managed by and/or stored with eDiscovery vendors or claims administrators that maintain such an information security program. If a Receiving Party or Authorized Recipient discovers any loss of Confidential Material or Highly Confidential Material or a breach of security, including any potential or suspected unauthorized access, relating to another party's Confidential Material or Highly Confidential Material, the Receiving Party or Authorized Recipient shall: (1) immediately provide written notice to the Producing or Designating Party of such breach; (2) investigate and make reasonable efforts to remediate the effects of the breach and provide the Producing or Designating Party with assurances reasonably satisfactory to the Producing or Designating Party that such breach shall not recur; and (3) provide sufficient information about the breach that the Producing or Designating Party can reasonably ascertain the size and scope of the breach. The Receiving Party or Authorized Recipient agrees to cooperate with the Producing or Designating Party or law enforcement in investigating any such security incident. In any event, the Receiving Party or Authorized Recipient shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

28. **End-of-Matter Data Disposition**: Upon final resolution of this Litigation the Parties will certify that a good-faith effort has been made that all Confidential Material and/or Highly Confidential Material has been returned to the Producing or Designating Party or been destroyed in a secure manner, at the discretion and direction of the Producing or Designating Party. If a party elects to destroy Confidential Material and/or Highly Confidential Material upon final resolution of this Litigation, that party will provide an affidavit to the Producing or Designation Party attesting to the secured destruction.

29. This Order does not preclude a party or its counsel from reporting any alleged safety defect or concerns to the National Highway Traffic Safety Administration ("NHTSA") or any governmental agency with the authority to study public safety issues pertinent to the product at issue. However, a party may not share a Producing Party's Confidential or Highly Confidential documents or other discovery materials with NHTSA or any governmental agency without prior consent of the Producing Party, except as required to comply with a court order. Any request for disclosure of a

Producing Party's Confidential or Highly Confidential documents or other discovery materials should be directed to the Producing Party. The terms of this Protective Order do not preclude GM LLC from providing confidential and/or protected information and documents to NHTSA, either voluntarily or in connection with GM LLC's obligations under the National Traffic and Motor Vehicle Safety Act of 1966 ("Safety Act"), 49 U.S.C. § 30101, *et. seq*.

30. **Violations of this Order**: If any person or party should violate the terms of this Order, the aggrieved Producing or Designating Party may apply to the Court to obtain relief against any such person or party violating or threatening to violate any of the terms of this Order. If the aggrieved Producing or Designating Party seeks injunctive relief, it must petition the Court for such relief, which may be granted at the sole discretion of the Court. The parties and any other person subject to the terms of this Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Order.

**Respectfully Stipulated to and submitted by:**

By: *s/ Alexis Galindo*  Dated: March 16, 2020
  Counsel for Plaintiff

By: *s/ Cheyenne Moore*  Dated: March 16, 2020
  Counsel for Defendant
  General Motors LLC

## **ORDER**

The Court has reviewed the parties' stipulated protective order, which complies with the relevant authorities and the Court's applicable local rule, save for one issue. See L.R. 141.1(c);[1]

---

[1] The Court's Local Rules instruct the parties, when requesting a protective order, to include in their submission:

(1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g.,

see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary.") The parties have stipulated to granting the Court jurisdiction over this protective order after the close of this case. However, the Local Rules of this district state that once an action is closed, "unless otherwise ordered, the Court will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." L.R. 141.1(f). Courts in the district generally do not agree to retain jurisdiction after closure of the case, and the Court sees no reason to do so here. See, e.g., MD Helicopters, Inc. v. Aerometals, Inc., 2017 WL 495778 (E.D. Cal., February 03, 2017). Thus, for clarity, the undersigned informs the parties that once the case is closed, the Court will not retain jurisdiction over this protective order.

Therefore, the Court GRANTS the protective order, subject to the above clarification.

Dated: March 18, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

engb.1761

---

    customer list, formula for soda, diary of a troubled child);
(2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and
(3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c).

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

RODNEY ENGBERSON

    Plaintiff,

v.

GENERAL MOTORS COMPANY and DOES 1 through 10, Inclusive

    Defendants.

Case No. 2:19-cv-01761-MCE-KJN

## AGREEMENT CONCERNING INFORMATION COVERED BY STIPULATED PROTECTIVE ORDER

I, _____, hereby acknowledge that I have received a copy of the Stipulated Protective Order entered in the above-captioned action by the U.S. District Court, Eastern District of California, Sacramento Division (hereinafter the "Protective Order").

I have either read the Protective Order or have had the terms of the Protective Order explained to me by my attorney.

I understand the terms of the Protective Order and agree to comply with and to be bound by such terms.

If I receive documents or information designated as Confidential Material or Highly Confidential Material (as those terms are defined in the Protective Order), I understand that such information is provided to me pursuant to the terms and restrictions of the Protective Order.

I agree to hold in confidence and not further disclose or use for any purpose (other than is permitted by the Protective Order) any information disclosed to me pursuant to the terms of the Protective Order.  I agree to maintain and abide by the Data Security provisions and End-of-Matter Data Disposition provisions set forth in the Protective Order.

I hereby submit myself to the jurisdiction of the U.S. District Court, Eastern District of California, Sacramento Division for resolution of any matters pertaining to the Protective Order.

-15-
STIPULATED PROTECTIVE ORDER

My address is _____

My present employer is _____

Dated: _____

Signed: _____